UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **In re:** | ) | |
| **WHITE STAR PETROLEUM HOLDINGS, LLC,** *et al.*[1] | ) | **BK-19-12521-JDL** |
| | ) | **Chapter 11** |
| | ) | |
| **Debtors.** | ) | |

**RESPONSE AND OBJECTION OF THE UNITED STATES TRUSTEE TO MOTION OF DEBTORS FOR ENTRY OF FINAL ORDERS, PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, 503, 506, AND 507, (I) AUTHORIZING THE DEBTORS TO OBTAIN SENIOR SECURED SUPERPRIORITY POSTPETITION FINANCING, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) AUTHORIZING THE USE OF CASH COLLATERAL, (IV) GRANTING ADEQUATE PROTECTION, (V) MODIFYING THE AUTOMATIC STAY, (VI) SCHEDULING A FINAL HEARING, AND (VII) GRANTING RELATED RELIEF**
[Docket #16]

The United States Trustee ("**UST**") offers the following response and objection to the Debtors' motion for a final debtor in possession financing order:

1. On May 28, each of the Debtors filed voluntary petitions for relief with the United States Bankruptcy Court for the District of Delaware. On June 20 this Court ordered Debtor's cases transferred to this Court.

2. Without schedules, the statement of financial affairs and other critical bankruptcy documents for these Debtors, it is difficult to evaluate the appropriateness of the proposed debtor in possession financing.

3. The consensus among parties in interest is that the value of the Debtors' assets may be less than the total amount of the secured debt of approximately $332 million. See Docket #2 at p. 9, ¶ 27 (Declaration of J. Zanotti setting forth the Debtors' debt totals).

4. If that consensus is accurate, then this "reorganization" is primarily for the benefit of the secured creditors, known as the "RBL Lenders." Some of the RBL Lenders are the DIP

---

[1] The Debtors in these chapter 11 cases are: White Star Petroleum Holdings, LLC, 19-12521-JDL; White Star Petroleum Operating, LLC, 19-12522-JDL; WSP Finance Corporation, 19-12523-JDL; White Star Petroleum, LLC, 19-12524-JDL and 19-12145-JDL (Involuntary); and White Star Petroleum II, LLC, 19-12525-JDL.

lenders providing post-petition financing to Debtors ("**DIP Facility**").  Docket #16 at ¶ 18.

5. The UST objects to all provisions of the requested relief for post-petition financing through this DIP Facility that directly or indirectly expand liens to unencumbered collateral, property interests or rights of the Debtors, whether pre-petition or post-petition, or any other property of the estate as defined in 11 U.S.C. § 541, that as of the date of filing would be available to satisfy unsecured claims.  Docket #16 at pp. 17 and 70 at ¶11(c).  This objection includes a lien upon the Chapter 5 causes of action, including all avoidance actions.

6. The UST also objects to the 11 U.S.C. § 506(c) waiver requested in the motion.  At this time, with the information available, creditors cannot determine if a surcharge claim under section 506(c) is, or is not, appropriate.

7. The UST does not object to the extent the RBL Lenders have agreed to subordinate and allow priming under the DIP Facility (consensual priming of pre-petition liens).

8. The "Investigation Rights" time limits set forth in the motion and proposed order are too short given the "front loaded" nature of this case seeking liquidation of assets and other pending matters affecting the outcome of this reorganization.  Docket #16 at pp. 21 & 78-79 (¶17 of the proposed order).  The Unsecured Creditors' Committee should be given reasonable additional time to conduct a proper investigation into the validity, priority and enforceability of the Debtors' obligations owed to the RBL Lenders.

9. Any "superpriority" determination should occur only after hearing upon motion of the DIP lenders' contending failure of adequate protection under the DIP Facility.

10. The UST objects to the rate of interest to be charged under the DIP Facility as being unreasonable.  The rate of interest specified, per the Debtor-In-Possession Credit Agreement, is the higher of the Federal Funds Rate plus 0.5%, the Prime Rate (plus 9%), or the Eurodollar Rate (plus 10%).  As of today, that rate is 14.5% = Prime Rate of 5.5% plus 9%.  Docket #16 at pp. 14 (Interest Rate), 106 (Applicable Margin) and 108 (Base Rate).

11. In addition to the unreasonable interest rate, the UST objects to the various fees charged and would ask that the Debtors disclose the effective rate of the DIP Facility, taking into account the various fees. The fees include:

   a. A 1% per annum fee on undrawn amounts under the DIP Facility (penalty for not borrowing);

   b. An administrative agency fee of $35,000;

   c. A commitment premium of 2%; and

   d. A closing premium of 3%.

Docket #16 at p. 15.

WHEREFORE, based on the foregoing response, the UST requests this Court limit the liens under the DIP Facility as proposed by the UST; deny the requested section 506(c) waiver; extend the time limits to exercise "Investigation Rights"; require evidence of the need to enter into the DIP Facility based upon the unfavorable terms outlined; and for such other and further relief as this Court deems just, equitable, and proper.

Respectfully submitted,

ILENE J. LASHINSKY
UNITED STATES TRUSTEE

s/ Charles E. Snyder
Marjorie J. Creasey, OBA #17819
Charles E. Snyder, OBA #8441
Office of the United States Trustee
215 Dean A. McGee, Fourth Floor
Oklahoma City, OK  73102
(405) 231-5961/231-5958 [fax]
Marjorie.Creasey@usdoj.gov
Charles.Snyder@usdoj.gov