**Dated: February 14, 2020**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

---------------------------------------x
:
In re                                  :   Chapter 11
:
:   Case No. 19-12521-JDL
WHITE STAR PETROLEUM HOLDINGS, LLC,    :
*et al.*,[1]                           :   Jointly Administered
:
:
              Debtors.                 :
---------------------------------------x

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT, (II) ESTABLISHING A
VOTING RECORD DATE, (III) APPROVING SOLICITATION PACKAGES
AND SOLICITATION PROCEDURES, (IV) APPROVING THE FORMS OF
BALLOTS, (V) ESTABLISHING VOTING AND TABULATION PROCEDURES
AND (VI) ESTABLISHING NOTICE AND OBJECTION
<u>PROCEDURES FOR THE CONFIRMATION OF THE PLAN</u>**

---

[1]  The Debtors in these chapter 11 cases, and the last four digits of their U.S. taxpayer identification numbers are: White Star Petroleum Holdings, LLC (0575) ("<u>WSTR Holdings</u>"), White Star Petroleum, LLC (0977) ("<u>WSTR</u>"), White Star Petroleum II, LLC (4347) ("<u>WSTR II</u>"), White Star Petroleum Operating, LLC (5387) ("<u>WSTR Operating</u>") and WSP Finance Corporation (9152) ("<u>WSP Finance</u>" and together with WSTR Holdings, WSTR, WSTR II and WSTR Operating, the "<u>Debtors</u>").  The Debtors' corporate headquarters is located at 301 N.W. 63rd Street, Suite 600, Oklahoma City, OK 73116.

SC1:5147324.2

Upon the Motion[2] of White Star Petroleum Holdings, LLC, and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order"), pursuant to section 1125, 1126 and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018 and 3020 and Local Rules 2002-1 and 3018-1, (a) approving the *Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of White Star Petroleum Holdings, LLC and its Debtor Affiliates* (as may be amended, modified or supplemented, the "Disclosure Statement"), (b) establishing a record date for purposes of voting on the *Joint Chapter 11 Plan of Liquidation of White Star Petroleum Holdings, LLC and its Debtor Affiliates* (as may be amended, modified or supplemented, the "Plan"), (c) approving solicitation packages and solicitation procedures, (d) approving the forms of ballots, (e) establishing voting and tabulation procedures and (f) establishing notice and objection procedures relating to the confirmation of the Plan; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and rule 81.4(a) of the Local Civil Rules of the United States District Court for the Western District of Oklahoma; and venue of these chapter 11 cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and that the response deadline to the Motion expired on February 6, 2020; and objections (if any) to the Motion having been withdrawn, resolved or overruled; and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and

---

[2] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

-2-

factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND AND DETERMINED THAT:

1. <u>Disclosure Statement</u>.  The Disclosure Statement provides Holders of Claims entitled to vote on the Plan with adequate information in accordance with section 1125(b) of the Bankruptcy Code and otherwise complies with the applicable requirements of section 1125 of the Bankruptcy Code.

2. <u>Solicitation and Confirmation Schedule</u>.  The Debtors' proposed schedule and procedures relating to solicitation of votes on the Plan and confirmation of the Plan provides parties-in-interest with sufficient time to review and consider all solicitation materials, including the Plan, the Disclosure Statement, the Plan Supplement, if any, and other information and materials relating to confirmation of the Plan, provides Holders of Claims with sufficient time, prior to the Confirmation Hearing, to make an informed judgment to accept or reject the Plan, and provides all parties-in-interest in these chapter 11 cases with sufficient time to object to confirmation of the Plan.

3. <u>Solicitation Procedures and Unimpaired Creditor Notice</u>.  The proposed Solicitation Procedures set forth in the Motion, including the delivery of the Solicitation Package to Holders of Claims in Voting Classes, the delivery of the notice substantially in the form attached to the Motion as <u>Exhibit D</u> (the "<u>Unimpaired Creditor Notice</u>") to Holders of Claims in Classes 1 and 2 and the delivery of the notice substantially in the form attached to the Motion as <u>Exhibit E</u> (the "<u>Non-Voting Creditor Notice</u>") to Holders of Equity Interests in Class 5 provide sufficient information relating to the relief granted by this Order, in accordance with Bankruptcy

Rule 3017(d) and other applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules and Case Management Order.

4. <u>Confirmation Hearing Notice</u>.  Service of notice of the date, time and location of the Confirmation Hearing, and the deadline and procedures and requirements for objecting to confirmation of the Plan, substantially in the form attached to the Motion as <u>Exhibit C</u> (the "<u>Confirmation Hearing Notice</u>"), pursuant to the Solicitation Procedures and as otherwise set forth in the Motion, including the publishing of the Confirmation Hearing Notice in *The Oklahoman* within 10 business days of the entry of the Solicitation Procedures Order, constitutes good and sufficient notice of the Confirmation Hearing to Holders of Claims and in Voting Classes and other parties-in-interest in these chapter 11 cases, in satisfaction of the requirements of due process and in accordance with Bankruptcy Rules 2002(b) and 3017(d) and other applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules and Case Management Order.

5. <u>Ballots and Voting and Tabulation Procedures</u>.  The Voting and Tabulation Procedures set forth in the Motion, and the Ballots substantially in the forms attached to the Motion as <u>Exhibit G</u>, and accompanying instructions, adequately address the circumstances of these chapter 11 cases and provide for a fair and equitable voting process appropriate for Holders of Claims in Classes 3 and 4 that are entitled to vote on the Plan (the "<u>Voting Classes</u>").  The Ballots are consistent with Official Bankruptcy Form No. 314 and comply with Bankruptcy Rule 3018(c).  Ballots need not be provided to Holders of Claims in Classes 1 and 2, which are classified as unimpaired under the Plan and are conclusively presumed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Ballots also need not be provided to Holders of Equity Interests in Class 5, as such Holders are not receiving

any distributions under the Plan and are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.

    IT IS THEREFORE HEREBY ORDERED THAT:

    1.    The Motion is GRANTED as set forth herein.

A.    <u>Approval of the Disclosure Statement</u>

    2.    The Disclosure Statement is approved pursuant to section 1125(b) of the Bankruptcy Code and Bankruptcy Rule 3017(b) and, to the extent not withdrawn, settled or otherwise resolved, any objections to the Disclosure Statement are overruled.

B.    <u>Establishment of Schedule for Solicitation and Confirmation</u>

    3.    The following dates and deadlines are hereby established with respect to solicitation of votes on the Plan and confirmation of the Plan:

    a.  **February 13, 2020 at 4:00 p.m. (CT)** shall be the record date for purposes of determining: (a) the Holders of Claims entitled to receive a Solicitation Package; (b) the Holders of Claims entitled to vote on the Plan and (c) whether Claims or Equity Interests have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of such Claim (the "<u>Voting Record Date</u>");

    b.  The Debtors shall distribute the Solicitation Packages, the Unimpaired Creditor Notice, the Non-Voting Creditor Notice and Confirmation Hearing Notice on **February 21, 2020** (the "<u>Solicitation Mailing Deadline</u>");

    c.  **March 26, 2020 at 4:00 p.m. (CT)** shall be the date by which objections to the Confirmation of the Plan must be filed with this Court and served so as to be **actually received** by the Notice Parties (the "<u>Confirmation Objection Deadline</u>");

    d.  All Holders of Claims entitled to vote on the Plan must complete, execute and return their Ballots so that they are **actually received** by KCC pursuant to the Voting and Tabulation Procedures, on or before **March 26, 2020 at 8:00 p.m. (CT)** (the "<u>Voting Deadline</u>");

    e.  **March 31, 2020** shall be the deadline to file the Voting Report;

      f. **March 31, 2020 at 4:00 p.m. (CT)** shall be the deadline to file any reply to objections to confirmation of the Plan (the "Confirmation Objection Reply Deadline") and

      g. The hearing to consider the confirmation of the Plan shall be held on **April 16, 2020 at 9:30 a.m. (CT)** (the "Confirmation Hearing").

C.    Approval of Solicitation Packages, Solicitation Procedures, Unimpaired Creditor Notice and Non-Voting Creditor Notice

    4.    The Solicitation Procedures are hereby approved as set forth herein. On or before the Solicitation Mailing Deadline, the Debtors shall cause KCC to distribute a solicitation package to each Holder of a Claim that is classified as impaired and entitled to vote on the Plan (Class 3 (RBL Secured Claims) and Class 4 (General Unsecured Claims)) containing the following materials (collectively, the "Solicitation Package"), which are hereby approved:

      a. a cover letter, substantially in the form attached to the Motion as Exhibit B: (i) describing the contents of the Solicitation Package, the contents of the enclosed USB and instructions for obtaining hard copies of materials provided on USB and (ii) informing the Holders of the Debtors' recommendation to accept the Plan;

      b. a printed copy of the Confirmation Hearing Notice;

      c. a printed Ballot (as defined below), together with a pre-addressed, postage prepaid return envelope for submitting such Ballot;

      d. the Disclosure Statement (together with all exhibits thereto, including the Plan and all exhibits to the Plan) in electronic format on a USB and

      e. a copy of this Order (without exhibits) in electronic format on a USB.

In addition, Holders of Class 4 General Unsecured Claims will also receive a copy of the Committee Letter.

    5.    Any party that has filed duplicate proofs of claim which are classified under the Plan in the same Class (or that has filed a claim purporting to amend or supersede a

-6-

previously filed proof of claim), whether against the same Debtor or multiple Debtors, shall receive only one Solicitation Package for voting the relevant Claim with respect to such Class.

6. No Solicitation Packages shall be distributed to any person to whom the Debtors have mailed a notice of the Disclosure Statement Hearing, if such notice has been returned as undeliverable, except to the extent the Debtors are provided with accurate addresses for the applicable parties at least five (5) business days prior to the Solicitation Mailing Deadline.

7. The Debtors shall, at their expense, provide paper copies of the Plan, Disclosure Statement or Solicitation Procedures Order to any party submitting a request for such paper copies: (a) through the Debtors' restructuring website at www.kccllc.net/WhiteStar or (b) in writing to: White Star Ballot Processing, c/o Kurtzman Carson Consultants LLC, 222 North Pacific Coast Highway, Suite 300, El Segundo, California 90245.

8. Holders of Claims in Classes 1 and 2, which are conclusively presumed to have accepted the Plan, shall receive the Unimpaired Creditor Notice, which is hereby approved. Such service of the Unimpaired Creditor Notice shall constitute good and sufficient notice of the Holder's status as unimpaired.

9. Holders of Equity Interests in Class 5, which are conclusively presumed to have rejected the Plan, shall receive the Non-Voting Creditor Notice, which is hereby approved. Such service of the Non-Voting Creditor Notice shall constitute good and sufficient notice of the Holder's non-voting status.

10. The Debtors are hereby authorized to modify the Disclosure Statement, the Plan and the Ballots and other related documents approved pursuant to this Order, without further order of this Court, at any time before distributing Solicitation Packages; provided that such modifications are not material as determined by the Debtors (in consultation with the agent

for the prepetition secured lenders and the Committee) in good faith.  The Debtors shall file a notice of any such modification with this Court, together with a marked version reflecting such modification.

> D. <u>Approval of Forms of Ballots and Voting and Tabulation Procedures</u>

11. The Ballots are hereby approved.

12. The Debtors are authorized to accept Ballots submitted electronically through the e-ballot platform on KCC's website at https://eballot.kccllc.net/whitestar.  Holders may cast an electronic Ballot and electronically sign and submit such e-ballot via the e-ballot platform.  Instructions for casting an electronic Ballot shall be posted on the "e-ballot" section of KCC's website.  The encrypted Ballot data and audit trail created by such electronic submission shall become part of the record of any electronic Ballot submitted in this manner and the Holder's electronic signature will be deemed to be an original signature that is legally valid and effective.  For the avoidance of doubt, electronic submissions of Ballots may only be made via the e-ballot platform.  Ballots submitted by electronic mail, facsimile, or any other means of electronic submission not specifically authorized by this Order shall not be counted.

13. The Debtors are authorized to solicit, receive and tabulate votes on the Plan in accordance with the Voting and Tabulation Procedures, which are hereby approved as follows:

> > a. <u>Establishment of Claim Amounts for Voting Purposes</u>.  Solely for the purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, the Debtors propose the following procedures for determining Claim amounts for voting purposes:
> >
> > > i. Each Holder of a Claim who has timely filed a Proof of Claim and is entitled to vote to accept or reject the Plan may vote the face amount of such Claim set forth on the Proof of Claim as of the Voting Record Date; <u>provided</u> that a Holder of an M&M Lien Claim that has yet to be

-8-

> judicially determined to be a Senior M&M Lien Claim or a Junior M&M Lien Claim shall be entitled to vote in Class 4 and will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and such a Ballot will count as a Ballot for a Claim in the amount of $1.00 solely for the purpose of satisfying the dollar amount provisions of Section 1126(c) of the Bankruptcy Code, <u>provided</u>; <u>further</u> that Ballots cast by Holders of contingent, wholly unliquidated, unknown or disputed Claims will count (i) for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and such a Ballot will count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and, if a Proof of Claim is filed as partially liquidated and partially unliquidated, such Claim will be Allowed for voting purposes only in the liquidated amount or (ii) in the amount such Claims may be subsequently allowed pursuant to section 502(b) of the Bankruptcy Code or temporarily allowed for voting purposes only pursuant to Bankruptcy Rule 3018(a) by order of the Court entered, after notice and hearing, no later than two (2) business days prior to the Voting Deadline.

b. <u>Votes Not Counted</u>.  The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

   i. any Ballot received by KCC after the Voting Deadline, unless the Debtors have granted in writing an extension of the Voting Deadline with respect to such Ballot;

   ii. any Ballot that is illegible or contains insufficient information to identify the Holder of the Claim;

   iii. any Ballot cast by a person or entity that (A) does not hold a Claim in a Class that is entitled to vote on the Plan or (B) is not otherwise entitled to vote pursuant to the procedures described herein;

   iv. any Ballot sent to the Debtors or the Debtors' financial or legal advisors, agents or representatives (other than KCC);

   v. any unsigned Ballot;

   vi. any Ballot not received in its executed, original form;

      vii. other than through the e-ballot platform on KCC's website, any Ballot that is received by KCC by facsimile or other means of electronic transmission or

      viii. any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan.

c. <u>Multiple Ballots</u>. If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the latest dated Ballot received by the Voting Deadline shall be counted for voting purposes, subject to contrary order of the Court; <u>provided</u>, <u>however</u>, that where ambiguity exists with respect to which Ballot was the latest dated, KCC has the right to determine the appropriate tabulation of such Ballot and to contact the respective Holder to determine such Holder's intent in connection therewith.

d. <u>No Vote Splitting</u>. All Claims must be voted in their entirety to either accept or reject the Plan.

e. <u>Ballots Signed by Representative</u>. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact or other person acting in a fiduciary or representative capacity, such person shall be required to indicate such capacity when signing the Ballot. The Debtors may request proper evidence of such representative's authority to sign the Ballot.

f. <u>Defective Ballots</u>. Subject to contrary order of this Court, the Debtors may, in their sole discretion, waive any defects or irregularities as to any particular Ballot at any time (including the timeliness of the submission of a Ballot), either before or after the Voting Deadline; <u>provided</u>, <u>however</u>, that:

      i. any such waivers shall be documented in the voting reports completed by KCC;

      ii. neither the Debtors, nor any other person or entity, will be under any duty to provide notification of such defects or irregularities other than as provided in the voting reports prepared by KCC, nor will any of them incur any liability for failure to provide such notification and

      iii. unless waived by the Debtors, subject to contrary order of this Court, any defects or irregularities associated with the delivery of Ballots must be cured prior to the Voting Deadline or such Ballots will <u>not</u> be counted.

g. <u>Lack of Good Faith Designation</u>. In the event a designation of lack of good faith is requested by a party-in-interest under section 1126(e) of the Bankruptcy Code, this Court shall determine whether any vote to accept or

reject the Plan will be counted for purposes of determining whether the Plan has been accepted or rejected by the applicable person or entity.

E. <u>Approval of Notice and Objection Procedures for Confirmation of the Plan</u>

14. The Confirmation Hearing Notice is hereby approved.

15. On or before the Solicitation Mailing Deadline, the Debtors shall serve the Confirmation Hearing Notice on: (a) the United States Trustee for the Western District of Oklahoma; (b) all known creditors; (c) all equity security holders; (d) the Internal Revenue Service; (e) counsel to the agent for the Debtors' prepetition secured lenders, Winston & Strawn LLP, 333 South Grand Avenue, 38th Floor, Los Angeles, California 90071 (Attn: Justin Rawlins); (f) counsel to the Committee, Morgan, Lewis & Bockius LLP, One Federal St., Boston, Massachusetts 02110 (Attn: Andrew Gallo) and (g) all parties who have filed a notice of appearance and request for service of documents pursuant to the Case Management Order, in each case only to the extent such parties have not otherwise been served with the Confirmation Hearing Notice pursuant to this Order. Such service of the Confirmation Hearing Notice shall constitute good and sufficient notice of the Confirmation Hearing.

16. Any objection to confirmation of the Plan must: (a) be in writing, (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, (c) set forth the name of the objector, the nature and amount of Claims or Equity Interests held or asserted by the objector against the Debtors, (d) state the basis and the specific grounds of the objection and (e) be filed with the Court, together with proof of service thereof, and served upon and received by each of the following (collectively, the "<u>Notice Parties</u>") no later than the Confirmation Objection Deadline of **March 26, 2020 at 4:00 p.m. (CT)**: (i) the Chambers of the Honorable Janice D. Loyd, United States Bankruptcy Court for the Western District of Oklahoma, 2nd Floor Courtroom, 215 Dean A. McGee Avenue, Oklahoma City, Oklahoma 73102; (ii) the

-11-

Debtors and their counsel (GableGotwals, One Leadership Square, 211 North Robinson, Oklahoma City, Oklahoma 73102 (Attn: Craig Regens) and Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004 (Attn: Brian D. Glueckstein and Alexa J. Kranzley)); (iii) the United States Trustee for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Suite 408 Oklahoma City, Oklahoma 73102 (Attn: Marjorie J. Creasey); (iv) counsel to the agent for the Debtors' prepetition secured lenders, Winston & Strawn LLP, 333 South Grand Avenue, 38th Floor, Los Angeles, California, 90071 (Attn: Justin Rawlins) and (v) counsel to the Committee (Morgan, Lewis & Bockius LLP, One Federal St., Boston, Massachusetts 02110 (Attn: Andrew Gallo)).

17. Consistent with the Case Management Order, the Confirmation Objection Reply Deadline is **March 31, 2020 at 4:00 p.m. (CT)**. The Debtors are granted leave to file any reply to objections to confirmation of the plan which may exceed five pages but shall not exceed fifteen pages in length.

F. Approval of Notice of Filing of the Plan Supplement

18. The Plan Supplement, if any, shall be filed by the Debtors no later than **March 19, 2020** (the "Plan Supplement Filing Deadline"). The Plan Supplement Notice in the form attached to the Motion as Exhibit F is hereby approved. If the Debtors file a Plan Supplement, on or before the Plan Supplement Filing Deadline, the Debtors shall serve the Plan Supplement Notice on: (a) the U.S. Trustee; (b) counsel to the agent for the Debtors' prepetition secured lenders, Winston & Strawn LLP, 333 South Grand Avenue, 38th Floor, Los Angeles, California 90071 (Attn: Justin Rawlins); (c) counsel to the Committee, Morgan, Lewis & Bockius LLP, One Federal St., Boston, Massachusetts 02110 (Attn: Andrew Gallo); (d) all parties who have filed a notice of appearance and request for service of documents pursuant to the Case Management Order and (e) those parties receiving the Solicitation Package. Such

service of the Plan Supplement Notice shall constitute good and sufficient notice of the filing of the Plan Supplement.

    G.    <u>Other</u>

19. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

20. Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party-in-interest, as applicable, to object to a proof of claim after the Voting Record Date.

21. Nothing in the Motion or this Order nor as a result of any payment made pursuant to this Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or a waiver of the right of the Debtors, or shall impair the ability of the Debtors, to contest the validity and amount of any payment made pursuant to this Order.

22. The requirements set forth in Local Rule 9013-1(b) are satisfied.

23. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

24. This Court retains jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Order.

25. Findings of fact are based upon representations of counsel.

IT IS SO ORDERED.

###

Approved for Entry:

*/s/ John D. Dale*
John D. Dale, OBA No. 19787
GABLEGOTWALS
1100 ONEOK Plaza
100 West 5th Street
Tulsa, Oklahoma 74103-4217
Telephone: (918) 595-4800
Fax: (918) 595-4990
Email: jdale@gablelaw.com

-and-

*/s/ Craig M. Regens*
Craig M. Regens, OBA No. 22894
GABLEGOTWALS
One Leadership Square
211 North Robinson
Oklahoma City, Oklahoma  73102
Telephone:   (405) 568-3313
Facsimile:    (405) 235-2875
cregens@gablelaw.com

-and-

Andrew G. Dietderich, NY Bar 2850584
Brian D. Glueckstein, NY Bar 4227005
Alexa J. Kranzley, NY Bar 4707386
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:    (212) 558-4000
Facsimile:     (212) 558-3588
dietdericha@sullcrom.com
gluecksteinb@sullcrom.com
kranzleya@sullcrom.com

*Co-Counsel to the Debtors*